**In re L. GANDOLFI & CO., Inc.**

**GENERAL COMMERCIAL ACCEPTANCE CO. v. LANCE et al.**

No. 395.

Circuit Court of Appeals, Second Circuit.

July 15, 1940.

O'Connor & Farber, of New York City (Arnold T. Koch, of New York City, of counsel), for appellants.

Harry A. & Eric C. Gordon, of New York City (Harry A. Gordon, of New York City, of counsel), for appellee.

Before CHASE, CLARK, and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

The case raises the validity of an assignment of accounts receivable under the doctrine of Benedict v. Ratner, 268 U.S. 353, 45 S.Ct. 566, 69 L.Ed. 991. Some two years prior to bankruptcy the bankrupt made an agreement with the petitioner for the sale to the petitioner of the bankrupt's accounts receivable. 70 percent of the amount of the accounts was to be paid to the bankrupt at the time of assignment, and the balance, less the petitioner's charges, when the accounts were collected. The bankrupt was to turn over all moneys received by it in payment of the assigned accounts. As to the returned goods the agreement was that they should belong to the petitioner, the bankrupt to deliver them or hold them in trust for the petitioner and on demand purchase them and pay the petitioner for them at invoice value. While the agreement took the form of a contract of sale, it is tolerably clear that the arrangement was in reality one for loans on the security of assigned accounts.

The parties operated under the agreement down to the time of bankruptcy, and a large number of small accounts were assigned, of a total amount of $484,000. The practice was that the bankrupt would send a list of accounts to the petitioner, with invoices and delivery receipts, and would receive 70 percent of the face amount in cash, less certain adjustments; the bankrupt would collect the accounts and would send collections to the petitioner, receiving at the time any balance due over the 70 percent. The bankrupt was supposed to report also all returns of merchandise on the remittance sheets, and the invoice value of the returned goods would be deducted from whatever balance was due the bankrupt. In certain instances returns were not reported, due to oversight by the bankrupt's employees; these were generally discovered when the petitioner made monthly audits and were then charged against the bankrupt's balance with the petitioner. The petitioner protested about the delay in the matter. The returns which were not promptly reported

totalled about $3,400. The returned goods were not segregated but were placed in stock by the bankrupt.

At the time of bankruptcy the outstanding accounts totalled some $21,000, and the balance owed to the petitioner was $15,000. The petitioner brought a reclamation proceeding for accounts collected by the trustees in bankruptcy. The trustees took the position that the assignments were invalid and made counterclaim for certain accounts collected by the petitioner after bankruptcy. By stipulation the trustees paid over the amounts collected by them, the petitioner's claim was withdrawn, and the case was tried on the counterclaim. The referee ruled that the assignments were valid and dismissed the trustees' counterclaim. The district judge affirmed the referee.

We start with the rule in Benedict v. Ratner, 268 U.S. 353, 45 S.Ct. 566, 69 L.Ed. 991, that in New York an assignment of accounts with the assignor left to collect the accounts and use the proceeds as he sees fit is fraudulent in law. In the present case the rule was not broken as to collections; the agreement was that all moneys collected should be remitted to the assignee, and the agreement was observed. But the trustees say that the practice as to returned merchandise made the transaction offensive, that as to such goods the bankrupt was permitted to retain complete dominion, despite the agreement. Lee v. State Bank & Trust Co., 2 Cir., 38 F.2d 45, is relied on.

The trustees' argument does not touch the returned goods that were reported by the bankrupt. They were paid for at once by the bankrupt, through deduction from the amounts due the bankrupt on the collections or on the assignment of new accounts. This was a substantial compliance with the agreement and left no control with the bankrupt over goods pledged to another. As to the returned goods not reported by the bankrupt but discovered at audits by the petitioner, there was an interval of time when the bankrupt had control of the goods supposed to serve as security for the petitioner's loans. This was a departure from the agreement. But the petitioner did not acquiesce in the bankrupt's lapses. There were protests, and the matter was attended to straightway on discovery of the unreported returns. The amount involved in such returned merchandise was insignificant, less than one percent of the aggregate values dealt in. In the Lee case, supra, the vice of the arrangement was that the assignee in effect agreed to the free use of returned merchandise by the assignor. That was not the situation here. The doctrine of Benedict v. Ratner has been given wide range, but it seems plain that this case is beyond it.

We are of opinion that the district court reached the right result and that the order should be affirmed.