ZYDNEY v. NEW YORK CREDIT MEN'S ASS'N.

No. 339.

Circuit Court of Appeals, Second Circuit.

July 19, 1940.

Arthur M. Laufer, of New York City, for appellant.

Moses W. Markowitz, of New York City, for appellee.

Before L. HAND, CHASE, and PATTERSON, Circuit Judges.

L. HAND, Circuit Judge.

The petitioner, Zydney, appeals from an order in bankruptcy denying his petition in reclamation against a trustee in bankruptcy. The petition alleged that in July, 1938, and thereafter, the bankrupt borrowed money of him, as shown in Exhibit A which he annexed, and that, as security for these loans, it pledged some of its accounts receivable to him, as shown in Exhibit B also annexed; that it was adjudicated on a petition filed November 30, 1938; and that the trustee has collected some of the accounts and refuses to remit the proceeds to him. In order to prepare his answer, the trustee examined Zydney and two officers of the bankrupt under § 21, sub. a, Bankr.Act, 11 U.S.C.A. § 44, sub. a, and thereupon filed what he described as an "answering affidavit", which was, however, nothing but an argument based upon the testimony taken under § 21, sub. a. To this Zydney in turn filed "a reply affidavit", which consisted in part of argument, and in part of new facts; to wit, that the list of accounts (Exhibit B) annexed to his petition did not contain all those in fact pledged, but that the bankrupt had collected many of those originally pledged, and had pledged others in exchange. On this record the referee filed a "decision", declaring that Zydney had not discharged the burden of proof of establishing any interest in the accounts; and, that independently of this, the pledges were void under Benedict v. Ratner, 268 U.S. 353, 45 S.Ct. 566, 69 L.Ed. 991. The judge affirmed the referee, and Zydney appealed.

The failure to follow the proper practice has caused us a good deal of trouble in understanding the case, and in dealing with the record. General Order XXXVII, 11 U.S.C.A. following section 53, provides that the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, shall be "followed as nearly as may be" in bankruptcy proceedings, though "the court may * * * modify the rules for the preparation or hearing of any particular proceeding". A referee acts as the court of bankruptcy in a reclamation proceeding, § 1(9), and so far as we can see, there was no occasion to "modify" the Rules. It was of course entirely proper for the trustee to examine Zydney and the bankrupt's officers in order to prepare his answer; but the answer, when prepared, should have been really an answer; i. e., it should have conformed to Rule 8(b), Rules of Civil Procedure. The trustee's "answering affidavit" was not an answer at all; and the petition really stood admitted. Rule 8(d). Furthermore,

there was no conceivable justification for Zydney's reply affidavit, except insofar as in it he stipulated that the cause should be heard on the testimony already taken. The referee had ordered no reply, and none was permissible. Rule 7(a). Moreover, it was not a proper reply under Rule 8(b), if one had been ordered. The Rules required the trustee to file an answer under Rule 8(b), and then that the cause should be noticed for hearing, like an action. This is by far the simplest and speediest way in the end; and the only way now authorized by law. Further, the referee's decision did not conform with Rule 52(a); it contained no findings properly speaking; that is, those propositions of fact drawn from the evidence, which are relevant to the applicable principles of law. As the record comes up we are in no better position to decide the case than if the testimony and exhibits had been sent up to us without more.

Strictly, we should therefore remit it to be put in proper form, but as this would entail further delay, and as there is one indisputable point which is decisive, we will dispose of it on this record. Zydney's position, as pledgee of customers' accounts, depended upon the bankrupt's retaining no "dominion" over them after the pledge was made. It did retain some dominion over them, because it kept all goods returned by customers and "put them in stock"; i. e., resold them. Zydney testified that he had let the bankrupt "keep the returns" which implied that he knew that there were returns (as of course he must have) and that he meant the bankrupt to resell them. Thus the situation was directly within Lee v. State Bank & Trust Co., 2 Cir., 38 F.2d 45, a decision which we have never disturbed. Possibly if the returns had been trifling, or if the pledgee had supposed that they were only trifling, the doctrine would not apply; we need not say. But the sales for the months of August, September and October,—the months here in question—as shown by the bankrupt's ledger (Customers' Accounts Receivable), were $3,187.06, and the collections were $13,032.02; therefore during the relevant period the customers were returning about a fifth of all the sales. There is no reason to impute to the pledged accounts any smaller percentage of returns than to the accounts as a whole. Certainly the resale of one fifth of the goods sold was not a trifling departure from that absolute dominion which a pledgee of accounts is required to maintain, if his pledge is to be valid. We have just dealt with the same question in Re L. Gandolfi & Co., 2 Cir., 113 F.2d 300, where we held that the pledge was valid; the facts in that case were however so different that no discussion is necessary.

Order affirmed.